UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WENDALL HALL,

    Petitioner,

v.                                    Case No. 3:21cv522-MCR-HTC

CHAD POPPELL SECRETARY of the
  FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES,

    Respondent.
_____/

## ORDER and REPORT AND RECOMMENDATION

Petitioner, Wendall Hall, filed a petition under 28 U.S.C. § 2241, raising four grounds of relief based on his civil commitment under the Jimmy Ryce Act. ECF Doc. 1. Petitioner also filed a motion entitled "Motion for Judgment or Ruling on Petition for Writ of Habeas Corpus." ECF Doc. 25. The matter was referred to the undersigned Magistrate Judge for preliminary screening pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After considering the petition, the State's response (ECF Doc. 13), and Petitioner's reply (ECF Doc. 15), the undersigned recommends the petition be DISMISSED without an evidentiary hearing for failure to exhaust state remedies and the motion for judgment and ruling be DENIED as moot.

**I.     BACKGROUND**

In 1997, Petitioner was charged with sexual battery, threat, or deadly force in Escambia County in case 1994 CF 3077A and two counts of sexual battery and kidnapping in case 1994 CF 3113A.  Petitioner pled guilty to the charges in both cases.  ECF Doc. 13-1 at 2.  On June 17, 2019, as Petitioner was approaching release after serving over 24 years on those cases, the State filed a Petition for Commitment as a Sexually Violent Predator under Florida Statutes §§ 394-910 to 394-931 ("The Jimmy Ryce Act").  ECF Doc. 13-1 at 1-44 (creating civil case 2019 CA 984).

On June 19, 2019, the circuit court entered an order finding "probable cause to believe [Petitioner] meets the criteria of Section 394.912(10), in that he suffers from a mental abnormality or personality disorder which makes him likely to engage in acts of sexual violence if not confined in a secure facility for long term control, care, and treatment."  ECF Doc. 13-2 at 1-3.  The circuit court appointed counsel and set the matter for a hearing on June 24, 2019.  *Id.* at 2 and ECF Doc. 13-3.  After a trial, the jury returned a verdict on October 17, 2019, finding Petitioner met the definition of a sexually violent predator.  ECF Doc. 13-8.  The circuit court issued a Final Judgment and Order of Commitment on October 18, 2019.  ECF Doc. 13-9.

Petitioner's counsel filed a direct appeal to the First District Court of Appeal ("First DCA"), Case No.:  1D19-3912, which raised a single issue:

> The trial court erred in denying Appellant's motion in *limine* to exclude unreliable hearsay evidence relating to Appellant's 1995 criminal charges which were not sexual in nature and which were *nolle prossed* by the state.

Initial Brief of Appellee, ECF Doc. 13-10 at 2. The First DCA affirmed the final judgment of commitment *per curiam* without a written opinion on March 8, 2021. ECF Doc. 13-14 at 1.

On May 18, 2020, during the pendency of the direct appeal, Petitioner filed a motion to file a *pro se* supplemental brief, attempting to raise five (5) additional issues, two of which are raised in the instant appeal. ECF Doc. 13-11 at 6-9. On May 21, 2020, the First DCA struck the motion as unauthorized because Petitioner filed the motion *pro se* while was represented by counsel. ECF Doc. 13-11 at 23. Thus, the First DCA did not address any of the issues Petitioner sought to raise.

On December 10, 2020, the circuit court appointed counsel to represent Petitioner for an annual review of his civil commitment, as required by the Jimmy Ryce Act, Fla. Stat. § 394.918(1) ("A person committed under this part shall have an examination of his or her mental condition once every year or more frequently at the court's discretion."). Petitioner filed two *pro se* motions opposing his continued commitment, but the circuit court entered an order finding, "Respondent shall remain at the Florida Civil Commitment Center because his mental condition has not sufficiently changed that it is now safe for the Respondent to be at large." Order

Concluding Respondent's 2020 Annual Review, *State Attorney v. Hall*, 2019 CA 984 (Escambia County Circuit Court January 4, 2021).[1] Petitioner appealed that order on January 22, 2021, which case remains pending. *See* First DCA Case No. 1D21-0349.

As stated above, Petitioner seeks relief from this Court as to those orders. The Respondent argues Petitioner has procedurally defaulted each ground of relief. For the reasons set forth below, the undersigned agrees.

## II.  ANALYSIS

Before a district court can grant habeas relief to a state prisoner under § 2254 or 2241, a petitioner must exhaust all state court remedies available for challenging his conviction, either on direct appeal or in a state post-conviction motion. *See* § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). A state prisoner

---

[1] A federal court may properly take judicial notice of state court dockets. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir.), *cert. denied sub nom. Paez v. Inch*, 141 S. Ct. 309 (2020); Fed. R. Evid. 201(b)(2). The online docket can be found by conducting a query at the following site: https://public.escambiaclerk.com/BMWebLatest/Home.aspx/Search.

Case No. 3:21cv522-MCR-HTC


"'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary." *Pruitt v. Jones*, 348 F.3d 1355, 1358-59 (11th Cir. 2003) (quoting *O'Sullivan*, 526 U.S. at 845.). To exhaust a claim, a petitioner must make the state court aware of both the legal and factual bases for his claim. *See Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass on and correct alleged violations of its prisoners' federal rights.'") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

When a petitioner files a federal habeas petition prior to exhausting state court remedies that are still available, the district court should dismiss the petition without prejudice to allow exhaustion. *See Rose v. Lundy*, 455 U.S. 509, 519-20 (1982). However, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001).

### A.     Ground One

In Ground One, Petitioner argues the circuit court lacked jurisdiction over him because he was not served with the commitment petition and related materials in the manner required by the Florida Rules of Civil Procedure for Involuntary Commitment of Sexually Violent Predators ("Fla. R. Civ. P. – S.V.P.") Rule 4.070. Petitioner did not raise this ground for relief in the direct appeal of the circuit court's October 18, 2019, Commitment Order.  Thus, Petitioner failed to present this issue to the state courts.  Also, because Petitioner cannot return to the state court now and exhaust this claim, it is procedurally defaulted.  *See Moon v. Sec'y, Fla. Dep't of Corr.,* 2020 WL 6946440, at *6 (M.D. Fla. Nov. 25, 2020) ("Respondent's assertion that this claim is procedurally barred is well-taken. Petitioner did not raise a violation of federal due process in the state courts on direct appeal or by way of habeas for ineffective assistance of appellate counsel.").

Nonetheless, Petitioner argues he has exhausted this ground for relief because it is one of the grounds he attempted to raise in the *pro se* motion for leave to file a supplement.  This argument is without merit.  The state appellate court struck the motion based on an independent and adequate state law ground, which precludes federal review.  *See Harris v. Sec'y, Dep't of Corr.*, 2021 WL 3912184, at *4 (M.D. Fla. Sept. 1, 2021) (denying federal review because Florida appellate court denied

claim raised in pro se motion under the adequate and independent procedural rule in Florida that "a *pro se* motion . . . is unauthorized if an attorney represents the *pro se* movant.") (citing Fla. R. App. P. 9.330(a)(1). *Judd*, 250 F.3d at 1313; *Johnson v. State*, 974 So. 2d 363, 364–65 (Fla. 2008) (prohibiting "any *pro se* filings submitted by litigants seeking affirmative relief in the context of any criminal proceeding where a death sentence has not been imposed, whether direct or collateral, either in the trial court or a district court of appeal, and who are represented by counsel in those proceedings."). This Court "may not assume that had the state court issued an opinion, it would have ignored its own procedural rules and reached the merits of this [issue]. In fact, the most reasonable assumption is that had the state court ruled, it would have enforced the procedural bar." *Tower v. Phillips*, 7 F.3d 206, 211 (11th Cir. 1993).

Petitioner also seeks to have the Court overlook the procedural default based on the fundamental miscarriage of justice exception. *See Smith v. Jones*, 256 F. 3d 1135, 1138 (11th Cir. 2001). Specifically, Petitioner argues the lack of service caused "a manifest injustice, fundamental error or miscarriage of justice" that harmed him by "denying him his procedural rights to receive notice of the civil action (petition) against him, necessary for him to prepare an adequate defense

against the commitment petition (civil action)." ECF Doc. 15 at 2.  This claim is without merit and is belied by the record.

"A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Thomas v. Att'y Gen.*, 992 F.3d 1162, 1185 (11th Cir. 2021) (quoting *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003)).  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *McKay v. United States*, 657 F.3d 1190, 1197–98 (11th Cir. 2011) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)); *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992) ("the miscarriage of justice exception is concerned with actual as compared to legal innocence").

Petitioner cannot meet these standards.  First, this ground does not allege factual innocence; instead, it raises a purely legal argument -- that petitioner was not given the process that was due (timely service of the petition for commitment). Second, Petitioner's claim that the delay in notice caused him to be unable "to prepare an adequate defense against the commitment petition" is belied by the record.

The order finding probable cause to hold a commitment hearing was entered on June 19, 2019, and sent to Petitioner's then-counsel, Assistant Public Defender

Case No. 3:21cv522-MCR-HTC

David Dunkerly, on the same date.  ECF Doc. 13-2 at 3.  On June 25, 2019, the Assistant Public Defender was formally appointed to represent Petitioner.  The trial on whether Petitioner was a sexual predator was not held until October 16, 2019 – four months later.  In the meantime, Petitioner was not only represented by counsel but also filed various *pro se* motions.  *See Pro Se* Motions Hearing Trans., ECF Doc. 13-5; Jury Trial Trans., ECF Doc. 13-6 and 13-7.  At the trial, Petitioner's counsel presented a multifaceted defense which featured extensive cross-examination of the State's experts and testimony by two psychological experts on Petitioner's behalf.  Therefore, Petitioner's claim that he was harmed by the alleged lack of timely service of the commitment petition is contrary to the facts.

     Moreover, to show actual innocence, a movant "must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in the absence of the trial court error.  *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  In this case, Petitioner does not come close to showing that no reasonable juror would have found him to be a sexual predator.  At his commitment trial, two psychologists testified in favor of commitment.  Both experts testified they were part of the multidisciplinary team that considered whether Petitioner should be designated a sexual predator.  ECF Doc. 13-6 at 47-48 and 127.

The psychologists noted Petitioner scored the highest possible score on the Static-99R, which is a statistical tool measuring likelihood of committing future sexually motivated offenses. *Id.* at 86 and 138-39. They also described his two prior rape convictions, an alleged assault on a female hotel maid while he was on bond for the two rape charges, and a prior conviction for soliciting a prostitute. *Id.* at 65-70 and 129-31. Additionally, both experts testified Petitioner committed 41 disciplinary infractions during his incarceration, including 23 for lewd and lascivious conduct where he masturbated while intentionally in sight of female correctional officers as recently as 2017. *Id.* at 70-73 and 131-33. This evidence was sufficient for a reasonable juror to find him a sexual predator. The "very narrow exception" for a miscarriage of justice simply does not apply. *McKay*, 657 F.3d at 1198.

Finally, Petitioner argues his claim is based on a lack of personal or subject matter jurisdiction and, thus, "can be raised as a fundamental error in a habeas corpus at any time and the doctrine of procedural default does not apply." ECF Doc. 15 at 2. Petitioner is incorrect. The exhaustion requirement contains no exception for jurisdictional claims. *See Blanket v. Watkins*, 44 F. App'x 350, 351 (10th Cir. 2002) ("[The petitioner's] proffered reason for not exhausting—that the State ... lacks jurisdiction over these claims—lacks merit."); *Beaulieu v. Minnesota*, 583 F.3d 570,

574 (8th Cir. 2009) ("we hold that his subject matter jurisdiction claim does not preclude a finding of procedural default"); *Anthony v. Jones*, No. 4:14CV148-RH/CAS, 2015 WL 3747436, at *5 (N.D. Fla. June 15, 2015) (applying exhaustion requirement in 28 U.S.C. § 2254(b)(1) to claim that state court lacked jurisdiction). Thus, his failure to exhaust is not excused simply because he raises a claim that the state circuit court lacked jurisdiction.

B.   **Ground Two**

In Ground Two Petitioner raises the one issue he brought on direct appeal, that the trial court erred in denying Petitioner's motion *in limine* to exclude evidence relating to Appellant's 1995 criminal charges involving his attack on the hotel maid which were "nolle prossed" by the state. ECF Doc. 1 at 7. The State argues Petitioner failed to fairly present this claim as a federal constitutional claim. The undersigned agrees.

The requirement of exhausting state remedies as a prerequisite to federal review is satisfied if the petitioner "fairly presents" his claim in each appropriate state court and alerts that court to the federal nature of the claim. 28 U.S.C. § 2254(b)(1); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). A petitioner may raise a federal claim in state court "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such claim on federal grounds,

or simply by labeling the claim 'federal.'" *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). "It is not, however, 'sufficient merely that the federal habeas petitioner has been through the state courts, nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made.' The crux of the exhaustion requirement is simply that the petitioner must have put the state court on notice that he intended to raise a federal claim." *Id.* at 457 (quoting *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir.2004)).

While a petitioner need not use magic words or talismanic phrases to present his federal claim to the state courts, the Supreme Court has suggested that a petitioner can exhaust his claim by, for example, "including ... 'the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim [as a federal one].' " *Lucas,* 682 F.3d at 1351 (quoting *Baldwin v. Reese,* 541 U.S. 27, 32, (2004)). Ultimately, "to exhaust state remedies fully, the petitioner must make the state court aware that the claims asserted present federal constitutional issues." *Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 457 (11th Cir. 2015). Petitioner has not done that here.

In Petitioner's initial brief on direct appeal, ECF Doc. 13-10, Petitioner cited only Florida cases and Florida statutes. He did not identify any federal source of

Case No. 3:21cv522-MCR-HTC

law upon which he relied or label his claims as federal claims. Therefore, he did not "put the state court on notice that he intended to raise a federal claim." *Preston*, 785 F.3d at 457. To the extent Petitioner complains appellate counsel was ineffective in failing to raise these as federal claims, he failed to exhaust that claim by filing a petition asserting ineffective assistance of appellate counsel as required by Fla. R. App. P. 9.141(d).

Regardless, this ground for relief is based on a state evidentiary ruling, which is not cognizable in federal court. On appeal, Petitioner argued the evidence relating to his eventually dismissed 1995 charge of assault on a hotel maid was "not relevant, was unreliable hearsay, would cause undue prejudice to Appellant, would confuse the jury, and that any probative value was outweighed by the danger of unfair prejudice." ECF Doc. 13-10 at 33. "It is not the province of this Court to review the state trial court's evidentiary rulings under state law, even if Petitioner couches his claim as a denial of federal due process." *See Bradwell v. Sec'y, Dep't of Corr.*, 2021 WL 3883709, at *8 (M.D. Fla. Aug. 31, 2021) (citing *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (per curiam)). Therefore, Ground Two should be

dismissed for failure to exhaust, is procedurally defaulted, and not cognizable on federal habeas review.[2]

### C. Ground Three

In Ground Three, Petitioner challenges the state circuit court's January 3, 2021, order continuing his civil commitment, arguing that the circuit court erred in denying his request to appoint an expert witness psychologist to evaluate him before and during the December 2020 annual review of his commitment status. ECF Doc. 1 at 7. As stated above, Petitioner's direct appeal of the court's January 4, 2021, order continuing his commitment is still pending before the First DCA, and thus could not have been exhausted.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). A petitioner has not exhausted every available remedy if he has a still-pending state appeal. *See Griffin v. Crews*, 2014 WL 1347018, at *3 (S.D. Fla. Apr. 4, 2014) ("Because petitioner's appeal proceedings are pending in State court,

---

[2] The Respondent also argues the claim, even if considered, fails on the merits because the state court's decisions were neither contrary to law or based on an unreasonable determination of the facts. Because the undersigned finds the claim has not been exhausted and does not raise a federal issue, the undersigned does not find it necessary to address the merits of the claim.

Case No. 3:21cv522-MCR-HTC

it is appropriate to dismiss the instant case without prejudice.") (citing *Jimenez v. Fla. Dep't of Corr.,* 481 F.3d 1337, 1342 (11th Cir.2007) and *Rose v. Lundy,* 455 U.S. 509, 522 (1982)).  Therefore, Petitioner has not fully exhausted this claim, and it is due to be dismissed.

      **D.**     **Ground Four**

In this ground, Petitioner argues "the statute of limitations had expired before the state filed or initiated its petition seeking civil commitment of petitioner as a sexual violent predator and before the court found, ordered or adjudged petitioner to be a sexual[ly] violent predator."  ECF Doc. 1 at 9-10.  This claim was not raised on direct appeal.  Therefore, Petitioner failed to exhaust this remedy in the state courts, and the claim is barred from federal review.  Like grounds one and two, this claim is also procedurally defaulted.

In his Reply, Petitioner argues his failure to exhaust is excused by "manifest injustice, fundamental error and or miscarriage of justice, which can be raised and corrected at any time and for the first time in this petition."  ECF Doc. 15 at 22.  The crux of this claim is that Petitioner's commitment as a sexual predator was legally deficient because it occurred past the statute of limitations.  As discussed above, however, a claim based on a legal insufficiency is not the same as a claim of actual

Case No. 3:21cv522-MCR-HTC

innocence, such as is necessary to meet the fundamental miscarriage of justice exception. *See McKay*, 657 F. 3d at 1197-98.

## III. CONCLUSION

### A. Evidentiary Hearing

The undersigned finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Upon consideration, the undersigned finds the claims in this case can be resolved without an evidentiary hearing, particularly since their resolution is based on a failure to exhaust. *See Schriro*, 550 U.S. at 474.

### B. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

1. The Motion for Judgment or Ruling, ECF Doc. 25, is DENIED as moot.

Additionally, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus, ECF Doc. 1, be DENIED without an evidentiary hearing.

2. That a certificate of appealability be DENIED.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 4th day of November, 2021.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.